GEORGE F. HUSSEY *vs.* EDWARD L. ARNOLD & others, trustees.

Suffolk. January 26, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Trust. Attachment.*

No action can be maintained against trustees, holding the property of an unincorporated association, on a contract made by them which by its terms is enforceable only against the property held in trust.

No lien enforceable at law or in equity can be acquired by an attachment of the property held by trustees for the benefit of an unincorporated association, in an action against the trustees personally.

KNOWLTON, C. J. Some of the defendants entered into an agreement establishing an association called " The Boston Associates," and appointing three trustees to conduct the business of the association, which was to be the investment, management and use of property in real estate, in shares, in trusts and corporations, in bonds secured by mortgage upon real estate and in other similar securities, with a view to obtain income and profit for the owners. These trustees were to hold the title to all the property that was paid in or acquired, and to manage it, subject to the provisions of the agreement, as they should see fit. Either of the trustees could be removed, and a successor could be appointed by three fourths in value of the shareholders, and if not removed, they could fill vacancies in their board caused by death or resignation or otherwise. The trust could be terminated by a writing signed by three fourths in value of the shareholders; but if not so terminated, it was to continue for the term of twenty years after the death of the last subscriber to the agreement. Shares of $100 each, taken by the subscribers and represented by certificates, could be transferred, and the transferee would thereby acquire the rights, and be subject to all the obligations of the original owner. Each shareholder was to be liable for the amount subscribed by him, but he was not to be liable to any third person, nor for any amount in excess of his subscription.

This association became insolvent, and a suit in equity was brought, and receivers were appointed to wind up its affairs. William B. Emery and Heber E. Emery, copartners under the name of W. H. and S. L. Emery, furnished coal to the trustees for the use of the association, for which they were not paid, and more than four months before the commencement of the suit in equity they brought an action at law against the trustees in their individual names, describing them as " Trustees of the Boston Associates," and attached on the writ all their right, title and interest in and to any real estate in the county of Suffolk. At that time these trustees held in their name as trustees the title to certain real estate in Boston which was acquired and held for the associates under this agreement. The plaintiffs in the action at law were enjoined in the suit in equity from proceeding to enforce the collection of their claim against the real estate under their attachment. They subsequently brought a petition in the suit in equity for a dissolution of the injunction, or for a decree establishing a lien in their favor upon the real estate. From an order of the Superior Court, denying and dismissing their petition, they appealed to this court.

The agreement creating the trust has peculiar provisions. The object of it, apparently, was to obtain for the associates most of the advantages belonging to corporations, without the authority of any legislative act, and with freedom from the restrictions and regulations imposed by law upon corporations. Article twelve of the agreement is as follows: " All contracts and engagements entered into by the trustees shall be in their names as trustees, and shall provide against any personal liability on the part of the trustees, and stipulate that no other property shall be answerable than the property in the hands of the trustees." We have already said that the subscribers were not to be liable to third persons, and it would seem, therefore, that the business of the trust was intended to be done in a way that would give no one dealing with it a right to bring an action at law against anybody, to enfore any contract or liability of the association.

The trustees held the legal title to all the property and they alone could make contracts. Ordinarily, in the absence of special limitations, trustees bind themselves personally by their

contracts with third persons. Actions at law upon such contracts must be brought against them, and judgments run against them personally. This is because the relations of the *cestuis que trust* to their contracts are only equitable, and do not subject them to proceedings in a court of common law, and the property held in trust is charged with equities which hold it aloof from the jurisdiction of a court of law to take it and apply it in payment of debts created by the trustees. Such debts, if proper charges upon the trust estate, can be paid from it under the authority of a court of equity.

Whether the trustees in this case, in dealing with the petitioners, provided against personal liability in accordance with the direction of the agreement, as they might do (see *Shoe & Leather National Bank* v. *Dix,* 123 Mass. 148), does not appear. If they did, these petitioners cannot maintain an action at law against anybody. As agents and trustees under the agreement they were not authorized to contract any debt which should charge the certificate holders. Of course, if an action at law cannot be maintained, there can be no effectual attachment in such a suit as the petitioners originally brought. If the trustees contracted in the usual way, without referring to anything which would limit the liability resulting from an ordinary contract, they are personally liable to these petitioners, and judgment can be obtained and enforced against them individually; but the trust property cannot be held under an attachment nor sold upon an execution for their personal debts. If, as we presume to be the fact, the trustees were also certificate holders having equitable interests in the property, these are not attachable in an action at law. They can be reached only through proceedings in equity. R. L. c. 159, § 3, cl. 7. *Geer* v. *Horton,* 159 Mass. 259. *Wemyss* v. *White,* 159 Mass. 484. On no ground, therefore, can it be held that the petitioners acquired a lien upon the real estate by their attempted attachment in the action at law. In the pending suit in equity they stand like other creditors. They already have proved their claim against the estate in the hands of the receivers, and they will obtain their share of the assets.

Our decision goes no further than to hold that, upon the facts shown, the petitioners have acquired no lien, legal or equitable,

which gives them precedence over other creditors in the settlement of this trust.   We do not attempt to determine whether all the provisions of this agreement are enforceable in the courts, or whether there are such considerations of public policy involved in an attempt of this kind to do business without a legal liability of anybody for debts incurred by the trustees, as merit consideration by the Legislature.

*Order affirmed.*

· *G. W. Anderson,* for William B. and Heber E. Emery.

*G. R. Pulsifer,* for himself and others, receivers of the property of the Boston Associates.