SAMUEL CARR & others, trustees, *vs.* JOHN P. LEAHY.

Suffolk.    November 20, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Trust*, Personal liability of trustee.    *Guaranty.    Contract*, What constitutes.

If one who is a trustee signs a contract in writing and adds after his name the words, "as Trustee," he is bound by the contract personally unless he stipulates, otherwise than by such a signature, that he intends to be bound only as a trustee.

If one of the shareholders of a real estate trust, who personally owes $4,840 under the terms of a lease of land, his interest in which, after the lease had been executed, he had conveyed to the trustee to become a part of the real estate trust, makes an agreement in writing with the lessor providing that the lease shall be cancelled, and that, upon payment by the lessee to the lessor of $2,500 on or before a certain date, the lessor's claim against him shall be discharged, but that, if the payment is not so made, the full sum of $4,840 shall be due and payable to the lessor, and the trustee of the real estate trust makes the following indorsement upon the agreement, "I hereby guarantee the payment of money specifically set forth in the above instrument," and signs it with his own name "as Trustee" of the real estate trust, and thereafter the lessee fails to pay the $2,500 on the date specified, the trustee is liable personally for the full sum of $4,840.

CONTRACT upon a guaranty in writing hereinafter described. Writ dated October 9, 1912.

In the Superior Court the case was tried before *King*, J., upon an agreed statement of facts, material among which were the following:

The plaintiffs, as trustees of the Business Real Estate Trust of Boston, leased to one James J. Grace for ten years and eight months beginning May 1, 1907, a portion of the street floor,

numbered 16, of the Pickman Building, which was numbered 16 to 20 on Summer Street in Boston, Grace agreeing to pay rent at the rate of $7,500 per year by monthly instalments.

By a deed dated January 10, 1910, according to the agreed statement of facts, Grace and his wife conveyed "their real estate" to the defendant as trustee of the Grace Real Estate Trust. The copy of the deed in the record shows it to be a deed from Grace and his wife and one Pierce J. Grace of all their "right, title and interest in and to all land, tenements, hereditaments of every name and nature, with all easements and appurtenances thereto belonging, and with all buildings and other structures standing on said land, now owned and held by us, situated in said Boston; said land and buildings including the following properties," followed by a list of parcels of real estate in which the property described in the lease of the plaintiffs to Grace is not enumerated. The deed of trust gave to the defendant as trustee "full power . . . (h) to have the exclusive control and management of said trust estate and property, to pay all sums of money, make a division of money among the shareholders quarter-annually and do all acts and things which in his judgment are necessary and proper for the protection, management, lease and sale of the trust estate and property for the best interest of the shareholders." The deed provided for the issue of certificates of shares to James J. Grace and to Margaret A. Grace, his wife.

On March 30, 1910, Grace "found himself in arrears to the plaintiffs, on account of" their lease to him, in the sum of $4,840, and on that day made an agreement in writing with them, whereby their lease to him was cancelled, and Grace agreed to pay to them $2,500 "in full adjustment of the liquidated sum of" $4,840 then owing to them from him, the agreement containing the following: "Provided, and it is expressly understood and agreed that such discharge is to be upon the condition precedent, that the said sum of $2,500 shall be paid in full on or before July 1, 1911, and it is further provided that in the event of failure to perform the condition the said sum of $4,840 shall be immediately due and payable." Upon the bottom of the instrument the defendant wrote the following: "I hereby guarantee the payment of money specifically set forth in the above instrument. John P. Leahy, as Trustee Grace Real Estate Trust," and affixed a seal.

James J. Grace did not pay the $2,500 in accordance with the agreement. This action is upon the defendant's guaranty.

The defendant asked the judge to rule "that he was liable only as trustee of the Grace Real Estate Trust" and that the action could not be maintained. The judge refused so to rule and found for the plaintiffs in the sum of $5,393.37. The defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Leahy, pro se.*

*L. Weyburn, C. A. Digney & H. W. Packer,* for the plaintiffs.

HAMMOND, J. The rule upon which the decision of this case depends is well settled. It is stated by Story, J., in *Duvall* v. *Craig,* 2 Wheat. 45, 56, as follows: "A trustee, merely as such, is, in general, only suable in equity. But if he chooses to bind himself by a personal covenant, he is liable at law for a breach thereof in the same manner as any other person, although he describes himself as covenanting as trustee; for, in such case, the covenant binds him personally, and the addition of the words ' as Trustee' is but a matter of description to show the character in which he acts, for his own protection, and in no degree affects the rights or remedies of the other party. The authorities are very elaborate on this subject."

"If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." Woods, J., in *Taylor* v. *Davis,* 110 U. S. 330, 335. This doctrine has been recognized by this court. *Hussey* v. *Arnold,* 185 Mass. 202. *Dunham* v. *Blood,* 207 Mass. 512, 513. In *Hussey* v. *Arnold,* Knowlton, C. J., says (page 203): "Ordinarily, in the absence of special limitations, trustees bind themselves personally by their contracts with third persons. Actions at law upon such contracts must be brought against them, and judgments run against them personally." See also the remarks of Holmes, J., in *Odd Fellows Hall Association* v. *McAllister,* 153 Mass. 292, at page 297.

In the present case there is no stipulation express or implied that the trustee shall not be personally liable, and there is therefore nothing to take it out of the general rule. He is personally held.

It is contended by him that even if he is held the liability extends only to the sum of $2,500. But we cannot agree with this contention. He guarantees "the payment of money specifically set forth in" the instrument to which the guaranty is annexed. The "money specifically set forth" is only one sum depending in amount upon the time of payment, — $2,500 if paid on or before July 1, 1911, and $4,840 if not so paid. Whenever paid it is only one sum, and there is to be only one payment. For this payment of whatever may be due at the time of payment the defendant is liable.

*Exceptions overruled.*