FRANCIS V. McCARTHY *vs.* THOMAS B. PARKER & others.

Essex.   December 14, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, What constitutes, Implied. *Attorney at Law. Agency*, Scope of authority. *Partnership. Trust.*

A voluntary unincorporated association did business under a declaration of trust containing a provision that "The Trustees shall have no power to bind the shareholders personally, and all persons, associations or corporations extending credit to, contracting with, or having any claim against the Trustees shall look only to the funds or property of the Association for payment of any debt, damage, judgment or decree, or any money that may otherwise become due or payable to them from the Trustees, so that neither the Trustees nor the shareholders present or future shall be personally liable under or by reason of such order, contract or obligation." An attorney at law, who knew the contents of the declaration of trust and that the shareholders intended not to be partners and that they believed that they were not personally liable for the acts of the trustees in conducting the business of the association under its provisions, was retained and employed by the general manager with the knowledge and assent

of the trustees and rendered extensive services for nearly a year, receiving payments for some of his services through the treasurer. Some, but not all, of the shareholders became acquainted with such employment and made no objection. The attorney made no demand on them individually and gave them no intimation that he held them liable for his services until, property of the trust being taken by foreclosure of a mortgage, it ceased to have assets. In an action by the attorney against the shareholders as partners for a balance remaining due to him, assuming but not deciding that, under the provisions of the trust, the shareholders were subject to a liability as partners, it was *held,* that the plaintiff could not enforce such a liability, he having undertaken the employment and rendered the services with full knowledge of the fact that those who employed him had no authority to make the shareholders individually liable for his services.

CONTRACT upon an account annexed for $2,170.59, for services as an attorney at law rendered to and expenditures made for the defendants, alleged to have been copartners doing business under a declaration of trust as Lynn Glass Manufacturing Company. Writ dated March 10, 1920.

In the Superior Court, the action was referred to an auditor, and afterwards was tried before *Lummus,* J. Material evidence is described in the opinion. The jury found for the plaintiff in the sum of $1,635.56, the judge reserving leave, under G. L. c. 231, § 120, to order a verdict entered for the defendants. Thereafter by order of the judge, a verdict for the defendants was ordered and the judge reported the action to this court for determination upon terms described in the opinion.

*S. Parsons,* (*F. V. McCarthy* with him,) for the plaintiff.

*G. R. Stobbs,* for the executors under the will of Charles H. Pinkham.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill,* for the defendant Taft, submitted a brief.

*F. E. Shaw,* for the defendant Rebecca J. Bollman and others.

PIERCE, J. This is an action of contract, brought by an attorney at law to recover on a *quantum meruit* with an account annexed the value of legal services, alleged to have been rendered the defendants, as copartners doing business under a declaration of trust as the Lynn Glass Manufacturing Company. The defendants answered general denial and payment; also that the declaration of trust created a trust and not a partnership; that the plaintiff's services were rendered with knowledge that the Lynn Glass Manufacturing Company was not a partnership but

was a trust operating under a declaration of trust. The case was tried to a jury upon an auditor's report, some oral and written evidence, and the declaration of trust; the jury found for the plaintiff. The judge, with the assent of the jury under G. L. c. 231, § 120, in accordance with the leave reserved directed a verdict for all the defendants; the plaintiff failed to file his exceptions to said direction, and the same were dismissed. The judge then reported the case to this court upon the following terms: "If in law the verdict of the jury was warranted on the evidence, and the action of the judge in entering a verdict for said defendants was erroneous, judgment is to be entered on the verdict of the jury; otherwise, judgment is to be entered on the verdict entered by the court."

Without decision we assume the shareholders in the voluntary association operating under the declaration of trust set out in full in the report were partners as to all creditors who did not expressly or impliedly contract to look only to the funds or property of the association for the payment of any debt, damage, or decree which might become due or payable to them. *Williams* v. *Milton*, 215 Mass. 1. *Frost* v. *Thompson*, 219 Mass. 360. *Hussey* v. *Arnold*, 185 Mass. 202. *Rand* v. *Farquhar*, 226 Mass. 91.

The plaintiff on July 23, 1918, was retained to act for the association, as an attorney at law, by the general manager and treasurer with the knowledge and assent of the trustees in whom the power to employ counsel was placed by the declaration of trust. He acted in this capacity for a period of nearly a year, — about half his time being taken up with such work. He was consulted with the utmost frequency and often at great length by the president, treasurer and general manager, all of whom were trustees or became such shortly after his first employment. Some of the shareholders, though not all, became acquainted with the employment of the plaintiff, and made no objections. He received some payments through the treasurer. He made no demand on the shareholders individually and gave them no intimation that he held them liable for his services, until August, 1919. When this action was brought, a mortgage covering the property of the company had been foreclosed and the company was without assets. It was not until after this situation had arisen that the plaintiff decided to sue the shareholders.

From the beginning of his employment the plaintiff knew the contents of the declaration of trust and knew therefrom that the defendants intended not to be partners and believed that they were not personally liable for the acts of the trustees in conducting the business of the association under the terms of the trust agreement. *Danforth* v. *Allen*, 8 Met. 334. The plaintiff had knowledge that the declaration of trust provided that "The Trustees shall have no power to bind the shareholders personally, and all persons, associations or corporations extending credit to, contracting with, or having any claim against the Trustees shall look only to the funds or property of the Association for payment of any debt, damage, judgment or decree, or any money that may otherwise become due or payable to them from the Trustees, so that neither the Trustees nor the shareholders present or future shall be personally liable under or by reason of such order, contract or obligation." There is nothing contrary to the law as hereinbefore declared or to public policy which inhibits an agreement that a creditor in case of default in payment shall look exclusively to a fund for his reimbursement. *Hussey* v. *Arnold*, *supra*. And there is no decision cited by the plaintiff or found by us that prohibits the doing of business through an agent with a limitation upon the individual liability of the principal, if the person who deals with such an agent does so with knowledge of the limited authority of that agent. *Williams* v. *Milton*, 215 Mass. 1, 6. We perceive no reason why the rule that one who deals with an agent with knowledge of his limited powers does so at his peril is not applicable to dealings with the agent of a copartnership, when the agent is also a partner. Uniform laws relative to partnership (St. 1922, c. 486, § 9). *Mussey* v. *Beecher*, 3 Cush. 511. *Vickery* v. *Richardson*, 189 Mass. 53, 55.

It follows that, in the terms of the report, judgment is to be entered on the verdict entered by the court.

*So ordered.*