ARTHUR F. BAKER *vs.* WILLIAMS B. JAMES & another.

Suffolk. February 2, 1932. — June 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Bills and Notes*, Signed in representative capacity. *Notice. Contract*, Construction, Validity. *Evidence*, Competency, Extrinsic affecting writing. *Agency*, Notice to agent. *Attorney at Law. Trust.*

A promissory note recited that "The Trustees of" a certain trust, followed by a reference to a "Declaration" and the book and page of its record in a certain registry of deeds, "promise to pay" to a named payee "or order" a certain sum, and on its margin stated that it was secured by a certain mortgage of real estate. It was signed by the names of the three persons who were the trustees, without the word "trustees" being appended. In an action of contract against two of the three for a balance due on the note, it was proper to admit in evidence the note, the mortgage and the declaration of trust, since they should be read and construed together in order to ascertain the contract made by the parties.

At the trial of the action above described, it appeared that the declaration of trust provided that every person "contracting with the trustees shall look only to the funds and property of the trust for payment

under such contract or for the payment of any debt . . . or the payment of any money that may otherwise become due and payable on account of the trust . . . or on account of any other obligations" arising under the trust, and that the trustees should not be personally liable therefor. The plaintiff testified that he had no knowledge of any limitation of the liability of the trustees and never saw or read the trust instrument, but admitted that he had an attorney at law act for him in examining the title and preparing the mortgage and note. The attorney had examined the trust instrument. *Held*, that

(1) There was no repugnancy between the terms of the note and the restrictions in the trust instrument when construed together;

(2) The note on its face bore some indication that the makers purported to be acting as trustees, which was enough to put the plaintiff on his guard in dealing with them to the extent of ascertaining their authority to deal with the trust property;

(3) The plaintiff was chargeable with the knowledge gained by the attorney of the terms of the trust instrument;

(4) There was nothing contrary to law or to public policy in the agreement upon valid consideration to the effect that the creditor in case of default should look exclusively to a fund for the payment of the amount and should not rely upon the personal obligation of the trustees;

(5) Applying G. L. c. 107, § 42, the note on its face conveyed unmistakable indication that those who signed the instrument were acting in a representative capacity and that the principal thus represented was the named trust;

(6) The omission after the signatures of the three persons of a further word or words indicative of trust capacity did not cut down nor narrow the force of the unequivocal description of the makers contained in the body of the note.

(7) The plaintiff could not recover.

CONTRACT for a balance alleged to be due on the promissory note described in the opinion. Writ dated June 4, 1931.

In the Superior Court, the action was tried before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants and reported the action for determination by this court.

The case was argued on February 2, 1932, before *Rugg*, C.J., *Wait, Sanderson, & Field*, JJ., and, after the death of *Sanderson*, J., was submitted on briefs to all the Justices then composing the court.

*J. B. Jacobs*, for the plaintiff.

*J. T. Pugh*, for the defendants.

RUGG, C.J. This is an action of contract against two surviving makers of a promissory note, George F. Welch,

one of the makers and the sole indorser, having deceased prior to the suing out of the writ. The note was of the tenor following:

"$13,000.00                    Boston, Mass., Jan. 9, 1929

For value received The Trustees of the George F. Welch Trust (See Declaration recorded in Norfolk Deeds, book 1689, page 331) promise to pay to Arthur F. Baker........................or order, the sum of.....THIRTEEN THOUSAND AND NO/100......Dollars to be paid in installments as follows: $250.00 each month, the first payment to be made January 24, 1929, and the balance on June 24, 1929.............

..........................................
with interest monthly at the rate of twelve (12) per cent per annum, during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid.

Signed in the presence of ⎧ GEORGE F. WELCH
  RALPH E. JOSLIN ⎨ THOMAS B. ALEXANDER
    to all ⎩ WILLIAMS B. JAMES

Secured by Mortgage of Real Estate
in Brookline, Norfolk County, Massachusetts
to be recorded in — Norfolk County — Registry of Deeds.

ENDORSEMENTS
WAIVING DEMAND AND NOTICE
  GEORGE F. WELCH."

The defendant offered in evidence the mortgage and the declaration of the George F. Welch Trust referred to in the note. The declaration was duly recorded with the Norfolk deeds. It was admitted that the trust was in existence at the date of the note, that the defendants and said Welch were trustees thereof, and that the trust authorized the defendants and said Welch as trustees to execute promissory notes in behalf of the trust and to mortgage the trust property therefor. It also provided that

every obligation assumed by the trustees pursuant to the trust instrument shall be held to be assumed by them as trustees and not as individuals and that every person "contracting with the trustees shall look only to the funds and property of the trust for payment under such contract or for the payment of any debt . . . or the payment of any money that may otherwise become due and payable on account of the trust . . . or on account of any other obligations" arising under the trust, and that the trustees should not be personally liable therefor.  The mortgage securing the note covered real estate of the trust and was executed by the defendants and said Welch as trustees and was on condition "to secure payment of thirteen thousand (13000) dollars . . . as provided in our note of even date."  All payments on the note were made by the trustees.  The plaintiff testified that he was in the business of making loans, that he inspected the real estate referred to in the mortgage and mortgage note before agreeing to make the loan and that he had an attorney at law act for him in examining the title and preparing the mortgage and note, but that he had no knowledge of any limitation of the liability of the trustees and never saw or read the trust instrument.  There was evidence that the said attorney for the plaintiff personally examined the trust instrument and rendered to the trustees a statement entitled "Statement of loan by Arthur F. Baker to George F. Welch Trust . . ." and also sent them a check, representing the proceeds of the loan, payable to the order of George F. Welch Trust.  At the close of the evidence a verdict was directed in favor of the defendants and the case reported for the consideration of this court.

The note, the mortgage, and the trust instrument should be read and construed together in order to ascertain the contract made by the parties.  *Skilton* v. *R. H. Long Cadillac La Salle Co.* 265 Mass. 595, 597.  *Mayo* v. *Fitchburg & Leominster Street Railway*, 269 Mass. 118, 121.  *Charlestown Five Cents Savings Bank* v. *Zeff*, 275 Mass. 408.  *Glenn* v. *Allison*, 58 Md. 527.  These instruments all were rightly admitted in evidence.  There is no repugnancy between

the terms of the note and the restrictions in the trust instrument when construed together. *Heywood* v. *Perrin,* 10 Pick. 228.

The note on its face bears some indication that the makers purported to be acting as trustees. This was enough to put the plaintiff on his guard in dealing with them to the extent of ascertaining their authority to deal with the trust property. *O'Herron* v. *Gray,* 168 Mass. 573, 576. The plaintiff was represented by an attorney at law in the examination of the title to the real estate covered by the mortgage. Since the trust instrument was duly recorded and directly affected that title, the attorney was chargeable with notice of its terms, and through him the plaintiff also was so chargeable. *Ratshesky* v. *Piscopo,* 239 Mass. 180, 186. *Putnam* v. *Handy,* 247 Mass. 406, 409.

There is nothing contrary to the law or to public policy in an agreement upon valid consideration between competent parties to the effect that the creditor in case of default shall look exclusively to a fund for the payment of the amount and shall not rely upon the personal obligation of the debtor. *McCarthy* v. *Parker,* 243 Mass. 465, 468. *Hussey* v. *Arnold,* 185 Mass. 202.

It is not necessary to examine the question of the liability of the defendants at common law, because the rights of the parties to the present cause are governed by the negotiable instruments act. It is provided by G. L. c. 107, § 42: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. . . ." The preëxisting law of the Commonwealth thus was changed. *Jump* v. *Sparling,* 218 Mass. 324. Applying that statute, it seems plain to us that this instrument by the words in its body describing the promissors and makers as "The Trustees of the George F. Welch Trust," followed immediately by reference to the place where the instrument of trust can be found on the public records, conveys unmistakable indication that those who sign the instrument are acting in a representative capacity and that the principal

thus represented is the named trust. The omission after the signatures of the three persons (who in truth were trustees under the trust agreement) of further words indicative of trust capacity does not cut down or narrow the force of the unequivocal description of the maker contained in the body of the note. The case at bar is governed by *Adams* v. *Swig*, 234 Mass. 584, and *Bowen* v. *Farley*, 256 Mass. 19, 23. The differences between the facts of those cases and the facts in the present case do not constitute material differences touching the governing principle.

In accordance with the terms of the report, the entry. may be

*Judgment on the verdict.*