### JAMES STEWART & CO., Inc., v. NATIONAL SHAWMUT BANK OF BOSTON.

#### No. 2916.

.Circuit Court of Appeals, First Circuit.

Jan. 4, 1935.

BINGHAM, Circuit Judge, dissenting.

---

See, also (C. C. A.) 69 F.(2d) 694.

H. R. Bygrave, of Boston, Mass., for appellant.

Thomas Hunt, of Boston, Mass. (James C. Reilly and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The plaintiff brought suit against the defendant on a written contract. Jurisdiction rests on diversity of citizenship. At the conclusion of the evidence the District Judge ruled that the plaintiff was not entitled to recover, and directed a verdict for the defendant. The plaintiff has appealed.

There is no controversy about the facts. The plaintiff is a construction company engaged in the business of erecting buildings. The defendant is, as its name implies, a national bank. The contract in question was for the erection of a building by the plaintiff on land owned by the Washington Central Trust in Washington, D. C. It recited in its opening paragraph that:

"This agreement made the fifteenth day of September, in the year Nineteen Hundred and Twenty-six, by and between James Stewart & Co. Inc., a New York Corporation, licensed to do business in the District of Columbia, hereinafter called the Contractor, and the Trustees of Washington Central Trust, under Declaration of Trust, dated June 1, 1925, and recorded July 17, 1925, as Instrument #70 among the Land Records of the District of Columbia, hereinafter called the Owner. * * *"

The declaration of trust contained the following provision:

"(13) In every written contract made by the Trustees reference shall be had to this instrument and any person contracting with the Trustees shall look to the trust premises and not to the Trustees individually for payment of any debt, note, mortgage, judgment or decree or any other obligation or of any money that may otherwise become due and payable by reason of the failure on the part of the said Trustees to perform such contract in whole or in part or for any other cause."

The defendant, although not an original signer of the declaration of trust, was, after its execution and before the execution of the plaintiff's contract, duly elected a trustee under this declaration of trust, and duly qualified as such under its terms. The other trustee was Robert M. Burnett, who has since died. No one in behalf of the

plaintiff ever looked at the declaration of trust before the execution of the contract, nor was it shown to the plaintiff, or anybody representing it, before such execution; but it was accessible to them on the public record. The plaintiff has duly performed its contract. Of the amount due to it there remains unpaid the sum of $196,297.48, with interest from January 30, 1928. The contract was signed:

"Washington Central Trust,
"Robert M. Burnett, Trustee.
"The National Shawmut Bank,
"F. A. Carroll, V. P.,
"R. W. Hill, Asst. Trust Officer."

The Washington Central Trust was a Massachusetts trust with transferable shares, a common type of business organization. It was the beneficial owner of the land on which the building was erected. The declaration of trust under which it was organized was recorded in the land records of the District of Columbia, as stated in the contract.

The question before us is whether the defendant was individually liable on this contract. The form in which the contract is drawn and signed shows that it was made solely upon the business of the trust, and that the signatures of Burnett and of the defendant were affixed only in their capacity as trustees. Duvall v. Craig, 2 Wheat. 45, 56, 4 L. Ed. 180; Carr v. Leahy, 217 Mass. 438, 440, 105 N. E. 445; Baker v. James, 280 Mass. 43, 181 N. E. 861. The fact that a person contracts as a trustee does not relieve him from personal liability, nor restrict his liability to the amount of the trust estate, unless he stipulates to that effect. Philip Carey Co. v. Pingree, 223 Mass. 352, 111 N. E. 857; Larson v. Sylvester, 282 Mass. 352, 185 N. E. 44.

The decisive point is whether the plaintiff was duly apprised of the limitation upon the defendant's liability and must be deemed to have assented to it. It depends primarily on whether the plaintiff was put upon its notice of the contents of the trust agreement. A large contracting company —the building cost over $1,500,000—can hardly have been unfamiliar with the general characteristics of real estate trusts. The plaintiff knew that it was contracting with the trustees of such a trust, i. e., with persons acting for others in a fiduciary and representative capacity; that the defendant was a national banking association of limited powers, and that their powers and duties as trustees were defined in an instrument which was explicitly referred to in the contract and was a matter of public record. The reference to the declaration of trust in the contract was not casual or accidental, it was plainly for some important purpose; it is at the very beginning of the contract and is obviously the foundation on which the owner's side of it rests. A national bank would hardly be expected as trustee to undertake for its beneficiaries such a large individual obligation of this character, even if it had the authority to bind itself as an individual to such a contract under 12 USCA § 248 (k). Was the plaintiff at liberty to ignore the fact that the declaration of trust was open to its inspection as a part of a public record, and to claim that it was unaware of the limitation on the personal liability of the trustees therein contained and did not agree thereto? We do not think so. On the contrary, we think that the explicit reference to the declaration of trust, and to the public record of it where it could be found, put the plaintiff on its notice to ascertain whether its provisions affected its contract with the defendant, and that the plaintiff was bound by it, at least, to the extent to which it imposed limitations on the powers or liabilities of the persons who signed on behalf of the trust. The case is clearly distinguishable from those in which contracts were made by trustees in which there was no such explicit reference to the declaration of trust.

The judgment of the District Court is affirmed, with costs.

BINGHAM, Circuit Judge (dissenting).

I cannot agree to the opinion of the court in this case. The only question of importance arises on the plaintiff's exception to the action of the District Court in directing a verdict for the defendant. This exception must be sustained unless reasonable men could draw no other conclusion from the evidence than that the plaintiff and defendant, at the time of making the contract for the construction of the building in Washington, agreed that the defendant and its cotrustee should be discharged from all personal liability under the building contract, and that the contractor, the plaintiff, should look solely to the property of the trust for its compensation.

It is conceded that, in the absence of such an agreement, the defendant and its cotrustee would be personally liable to the plaintiff for the balance due it as compen-

sation for the erection of the building. Philip Carey Co. v. Pingree, 223 Mass. 352, 111 N. E. 857; Larson v. Sylvester, 282 Mass. 352, 185 N. E. 44.

To excuse itself from liability for the balance due under the building contract, the defendant set up in its answer a clause in the declaration of trust reading:

"In every written contract made by the Trustees reference shall be had to this instrument and any person contracting with the Trustees shall look to the trust premises and not to the Trustees individually for payment of any debt, note, mortgage, judgment or decree or any other obligation or of any money that may otherwise become due and payable by reason of the failure on the part of the said Trustees to perform such contract in whole or in part or for any other cause."

This provision of the declaration of trust was introduced in evidence, subject to plaintiff's exception. No evidence was introduced by the defendant tending in any manner to show that the plaintiff or any of its representatives, having to do with the building contract or any negotiations leading up to the making of that contract, were ever informed, prior to its execution, that the defendant or its cotrustee, now dead, were not to be personally liable under the contract. Nor did the defendant offer any evidence that the plaintiff or any of its representatives were ever informed that the declaration of trust contained any provision seeking to relieve the defendant and its cotrustee from personal liability. And, in the absence of such evidence, this clause of the declaration of trust was not admissible.

The reference in the building contract to the declaration of trust did not make it a part of that contract. The only effect that could be given to that was to charge the plaintiff with notice of the authority of the defendant and its cotrustee to enter into the building contract and subject the trust to its obligations.

If the plaintiff, prior to the execution of the contract, had examined the declaration of trust and there learned that the trustees did not intend to become personally liable under the building contract, then there would be some evidence upon which reasonable men might find, if the plaintiff thereafter went on and made the contract, that it agreed to absolve the defendant and its cotrustee from personal liability. But the evidence given by the plaintiff was, and it was in no wise contradicted by the defendant, that no one on the plaintiff's behalf ever saw the declaration of trust; that it was not shown to the plaintiff, or anybody else representing it, prior to the execution of the contract; and that the circumstances concerning the execution of the building contract were that the plaintiff executed it in duplicate in the city of New York, and the duplicate and original were then forwarded to Boston where they were executed; the defendant and its cotrustee keeping one copy and returning the other to the plaintiff in New York.

To say that on this evidence reasonable men could reach no other conclusion than that the plaintiff agreed to absolve the defendant and its cotrustee from personal liability under the building contract is to state something that to my mind is not so. On the contrary, it seems to me that the only reasonable conclusion that could be reached on the evidence was that no such agreement was made, and that the verdict should have been for the plaintiff, for the execution of the building contract, the performance of the work, and the balance due under it were all agreed upon. In any event the plaintiff was entitled to have its case submitted to and passed upon by the jury.

The defendant and its cotrustee could readily have absolved themselves from liability had they informed the plaintiff of their desire to be excused therefrom and procured its consent. But to direct a jury to find that the parties agreed to something the plaintiff never knew or heard about (which is what was done here) is manifest error.

Under the Federal Reserve Act § 11 (k), as amended (12 USCA § 248 (k) the defendant bank was authorized to act as trustee. In making the building contract in that capacity it did not exceed its authority or act beyond its corporate powers. When Congress authorized national banks to act as trustees, it could, if it had thought fit, have provided that in that capacity they should be free from personal liability. But it did not do so. It left it to the banks themselves to procure through contracts their exemption from such liability.

The judgment should be vacated, and the case remanded for a new trial.