Mulligan, J.
This appeal arises out of an action in contract brought by Boston Edison Company to recover $6,547.49 for electrical services supplied to premises at 177 Commonwealth Avenue, from about July 6, 1976 to August 2, 1978, and at 76 Commonwealth Avenue, from about September 15, 1977 to July 10, 1978. Defendant Haverty Realty Trust owned these premises during the periods specified and defendant Nick Haddad was trustee. The Trust ceased to exist on or about December 12, 1978 and all property held by the trust reverted to the beneficiary.
Defendant Haddad argued, as a defense to the action, that he, as trustee, should not be held personally liable for the debts of the trust. Defendant Haddad also brought a counterclaim alleging that Boston Edison had contracted to pay him $5,000 if he converted his premises to electric heat and stoves, and that plaintiff had only paid him $94.
The trial court found that plaintiff was owed $6,547.49 for furnishing electrical services, and that Haddad was liable for that amount. The trial court also found that the defendant’s counterclaim was barred by the statute of limitations. We affirm the findings of the trial court.
There are two issues before this court arising out of plaintiffs claim. First, defendant claims to be aggrieved by the admission into evidence of Interrogatory No. 3 and the defendant’s answer to the interrogatory.[2]
The defendant argues that the interrogatory is complex and unclear, and that the answer to it reveals nothing relevant to the issues in the action. While the interrogatory is unclear on its face, when read in the context of Account Annexed “A”, it becomes clear, and its answer does reveal information connecting Haddad to the electrical services supplied to premises owned by Haverty Realty Trust.
The defendant asserts that the admission of the interrogatory was prejudicial because, had it not been admitted, there would have been no evidence at the trial to connect *108 Haddad with the electrical services supplied to the premises owned by Haverty Realty Trust. This is not correct. It is uncontested that Haddad was trustee for Haverty Realty Trust during the period electrical services were supplied to the premises owned by the Trust. Additionally, defendant’s answer to Interrogatory 11 establishes that defendant knew electrical services were being delivered to these premises. Furthermore, there were admitted into evidence a trial, checks to Boston Edison for payment on the account for these premises, signed by Haddad. Accordingly, there was ample evidence to connect Haddad to the electrical services supplied.
The second issue arising out of plaintiffs claim is whether a trustee is to be held personally liable for the debts of the trust. It is well established that, in the absence of a stipulation to the contrary, a trustee is personally liable in an action on a contract made by him for the benefit of the trust. Dolben v. Gleason, 1292 Mass. 511, 513 (1935). Even where there is no express contract, the parties must stipulate that the contract liabilities will be settled only out of the trust assets to free the trustee from personal liability. Larson v. Sylvester, 282 Mass. 352, 357(1933).
The defendant argues that, on the basis of the answer to Interrogatory No. 7[3], it is established that the required stipulation was made. Defendant’s vague assertion that an unidentified woman, holding an unidentified position in the plaintiff’s business office, knew that payment was to be made only from the assets of the Trust falls far short of the express stipulation required by Dolben and Larson. The trial court found that there was no agreement made that Haddad would not be personally liable to Boston Edison Company. That finding of fact will not be disturbed.
The third issue before his court arises out of defendant Haddad’s counterclaim against Boston Edison, which the trial court found to be barred by the statute of limitations. The agreement was allegedly made and breached sometime in 1970, and the counterclaim was filed November 17, 1978. Thus, the counterclaim was not brought within the six year period allowed by M.G.L. c. 260, § 2.
The defendant argues that the plaintiff should be estopped from raising the statute of limitations as a defense. Defendant cites several cases standing for the proposition that the person is estopped from setting up the statute of limitations as a defense to an action brought against him, where his words or conduct have induced another to refrain from commencing any action within the limitation period, and that person’s words or conduct are such that a reasonable man would rely thereon. LaBonte v. New York, New Haven and Hartford Railroad Company, 341 Mass. 127(1960); McLearn v. Hill, 276 Mass. 519(1931). Defendant relies primarily on MacKeen v. Kasinskas, 333 Mass, 695(1956) and Knight v. Lawrence, 331 Mass. 293(1954) as support for his argument that, in the instant case, it was reasonable to refrain from commencing an action within the limitation period. Both of these cases involved insurance adjusters who repeatedly assured unsophisticated accident victims that everything would be taken care of and that they did not have to take action on their own.
In those cases, the dealings of the adjusters were sufficiently contrary to general principles of fairness, to allow the issue to go to jury. Both decisions, however, express a degree of hesitancy in enlarging upon the application of estoppel beyond the more obvious instances of representations which induced the plaintiffs to delay in filing suit.
The action of Edison in dealing with defendant Haddad falls short of constituting *109 conduct which would estop Edison from relying upon the statute of limitations. There was evidence that Haddad did have discussions with representatives of Edison about the dispute and he had been told not to hire a lawyer. This, however, is not the case of a sophisticated party taking advantage of any unsophisticated party. The trial judge found the counterclaim barred by the statute of limitations, that is, that it was unreasonable for Haddad to delay his suit beyond the six years. That finding was warranted. Certainly the evidence is insufficient as a matter of law to overturn that finding.
The judgment of the trial court is affirmed. The report is dismissed.

 Interrogatory No. 3:
Q. Did you, in any capacity, or your agents or servants, order electrical services from the plaintiff for use on premises set forth on Account Annexed ‘ ’ A” at any time prior to or during the dates set forth thereon? If so, please state:
A. Yes.
a. I do not recall.
b. I do not recall.
c. I do not recall.

 Interrogatory No. 7
Q If the answer to the above interrogatory is in the affirmative, please identify by name and position, or merely by position, if you cannot remember the name, the person or persons employed by the plaintiff with whom it was understood that the plaintiff would not look to you personally for payment for electrical services supplied to the service addresses listed in Account Annexed “A”.
A. Ido not recall, but it was a woman in the business office. Payment was to be only from the assets of Haverty Realty Trust.