FORREST N. ADAMS *vs.* SIMON SWIG & others, trustees.

Suffolk. November 21, 1919. — January 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Bills and Notes. Agency,* Existence of relation, Scope of authority. *Evidence,* Of agency, Extrinsic affecting writings. *Trust,* Real estate trust.

The writ in an action of contract directed the attachment of " the goods or estate of" four individuals by name, "as they are trustees of the National Realty Company." The declaration was upon a promissory note which, it was alleged, the defendants made. The note was signed, "National Realty Co. by" the individuals named as defendants. *Held,* that under R. L. c. 73, § 37, the defendants were not individually liable upon the note if the National Realty Company existed and the defendants had authority to act for it.

At the trial of the action above described, parol evidence is admissible to prove the existence of the National Realty Company and the authority of the defendants to act for it.

The answer in the action above described contained allegations setting up an equitable defence under an agreement in writing and under seal, executed by the plaintiff, the defendants and others, establishing the National Realty Company as a real estate trust and providing, among other things, that the trustees, who were the defendants, should have power to issue notes or bonds, to secure their payment by mortgages of the trust property, "to borrow money for temporary purposes giving therefor notes, signed by themselves in their capacity as Trustees," that persons contracting with the trustees should look only to the property of the trust for payment of obligations and that neither the trustees nor the certificate holders should be liable personally. It appeared that the note in suit was issued for money borrowed for a temporary purpose for the trust. *Held,* that the trust instrument should be admitted in evidence, both because it tended to prove under R. L. c. 73, § 37, the existence of the National Realty Company and the authority of the defendants as trustees, and because it tended to establish the equitable defence set up in the answer.

CONTRACT upon the promissory note described in the opinion. Writ in the Municipal Court of the City of Boston dated February 23, 1916.

The writ directed attachment of "the goods or estate of Simon Swig of Boston, Mass., Edward L. McManus of Framingham, Mass., Robert Luce of Boston, Mass., and Louis Goldstein of Boston, Mass., as they are trustees of the National Realty Company, and all having their usual place of business in said Boston." The declaration was as follows: "And the plaintiff says the defendants made a promissory note payable to the order of the plaintiff, a copy whereof is hereto annexed [as in the opinion]. And the plaintiff says that he is the holder and owner of said note and the defendants owe him the amount of said note and interest thereon."

Material evidence introduced, evidence offered by the defendants and excluded, and requests of the defendants for rulings at the trial in the Municipal Court are described in the opinion.

The trial judge denied the requests for rulings and found for the plaintiff and at the request of the defendants reported the case to the Appellate Division, who dismissed the report. The defendants appealed.

*H. Parker & E. H. Hewitt,* for the defendants.

*W. R. Bigelow,* for the plaintiff.

PIERCE, J. This is an action of contract brought against the appellants on the following promissory note:

"Boston Jan. 9th 1913

$2,500

Six months after date we promise to pay to the order of Forest N. Adams twenty five hundred dollars payable at any bank in Boston or office of Adams.

Value received          National Realty Co.

by

Simon Swig
Edward L. McManus
Robert Luce           ⎫
Louis Goldstein       ⎬ "Trustees"

The defendants' answer was a general denial, a plea of payment, a want of consideration to the defendants, and the affirmative allegation that the consideration for the note in suit was for money loaned to the National Realty Company, a voluntary association existing under the provisions of a declaration of trust, to which instrument the plaintiff was a party, the declaration of trust in

part providing "That the trustees' shall have authority to borrow money for temporary purposes giving therefor notes, signed by them in their capacity as Trustees."

The defendants further alleged that the defendants borrowed the amount represented by the note declared on from the realty company and signed the note in their capacity as trustees; also, that the declaration of trust contained a further provision in the words following: "and any person or corporation contracting with the said trustees as well as any beneficiary hereunder shall look to the funds and property of said National Realty Co. for the payments under such contract, or for the payment of any debt, mortgage, judgment or decree, or for any money that may otherwise become due or payable, whether by reason of failure of the said trustees to perform the contract, or for any other reason and neither the said trustees nor the said certificate holders shall be liable personally therefor;" and further, that the defendants borrowed the money of the plaintiff and gave him the note in suit, acting in their capacity as trustees of the National Realty Company, and that the plaintiff had knowledge of these facts and of the provision of the declaration of trust to which he became a party on February 13, 1912.

At the trial in the Municipal Court the plaintiff testified that the note in suit was a renewal of a similar note for $3,000; that at the time of the giving of the first note the trustees were about to purchase, and later did in fact purchase, of the Wildey Savings Bank certain real estate; that in consideration for the note he gave his check for $2,000 to the Wildey Savings Bank and a check to the National Realty Company for $1,000; that the defendants were acting for the National Realty Company, and that he knew it; that the defendants were trustees at the time that the note was made; that he was a subscriber to the National Realty Company, and that the money he loaned on the note was used for the purpose of buying this property.

The plaintiff thereupon rested, and the defendants then offered in evidence the agreement of trust of the National Realty Company. This agreement was dated February 13, 1912, was under seal, and was signed by the defendants and by the plaintiff. The trustees were given powers therein to acquire real estate for the company and to borrow money for temporary purposes, giving therefor

notes signed by them in their capacity as trustees. It also in substance contained all the provisions set out in the answer of the defendants. The agreement and declaration of trust was excluded upon the ground that it varied the terms of the note, and "was not admitted upon any ground, except that it may be considered to have been admitted for the sole purpose of explaining the character and terms of the National Realty Company."

The trial court refused to rule (1) "That the signature 'National Realty Co. by Simon Swig, Edward L. McManus, Robert Luce, Louis Goldstein, Trustees' is the signature of the National Realty Company and is not the joint signature of the individual defendants;" (2) "If the court finds that the plaintiff had knowledge of the 'Agreement and Declaration of Trust' of February 13, 1912, and was in fact a party thereto and a signer thereof, — then he is bound by its provisions and the note upon which this suit is brought must be construed as binding none of the defendants personally;" (3) "The plaintiff is barred by the agreement of trust from asserting the personal liability of the defendants upon this note and in the absence of evidence that there are in their hands funds of the National Realty Company he cannot recover;" and (4) "The defendants cannot be held personally responsible in these proceedings against them 'as they are trustees of the National Realty Company;'" and "found for the plaintiff," and reported the case to the Appellate Division of the Municipal Court of the City of Boston. In the appellate court the final order was entered "Report dismissed," and the defendants appealed to this court.

R. L. c. 73, § 37, reads: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." *Jefts* v. *York,* 10 Cush. 392. In the case at bar, on its face the note purports to bear the signature of the National Realty Company by the defendants as trustees. Perforce of the statute it follows that the defendants are not individually liable thereon if the National Realty Company existed and the defendants had authority to act for that company.

*Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533. *Crane* v. *Lavoie,* 22 Man. 330. Parol evidence was admissible to prove either or both of those issuable facts. *Jump* v. *Sparling,* 218 Mass. 324. *Nickerson* v. *Weld,* 204 Mass. 346, 356. *Horgan* v. *Morgan,* 233 Mass. 381.

The agreement of trust under seal and executed by the defendants, the plaintiff, and other subscribers, created a voluntary association with the collective title National Realty Company. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 173, 176. *Rand* v. *Farquhar,* 226 Mass. 91, 97. The associate name was signed to the note in suit by the trustees, who are the defendants, under the provision of the trust agreement empowering the trustees to issue notes or bonds, to secure the payment of the same "by mortgage of the whole or of any part of the trust property," and "to borrow money for temporary purposes giving therefor notes, signed by them in their capacity as Trustees."

It follows that the note was signed in the name of a disclosed, existent principal, by the defendants as trustees, acting by virtue of an express authority conferred upon them by the associate members of the company, among whom was the plaintiff.

Independently of R. L. c. 73, § 37, it would seem that the excluded evidence was admissible in support of the answer considered as an equitable defence. St. 1913, c. 307.

*Order dismissing report reversed.*