TEBALDI SUPPLY COMPANY *vs.* JOHN S. MACMILLAN & another.

Hampden.    September 19, 1935. — November 12, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Bills and Notes*, Signed in a representative capacity. *Trust*, Contract made by trustee.

Under G. L. (Ter. Ed.) c. 107, § 42, a duly authorized trustee of a Massachusetts trust was not liable personally on a negotiable note reading "I as trustee promise to pay" and signed "J. H. Realty Trust    John S. Macmillan Trustee."

CONTRACT against John S. Macmillan, "individually and as trustee of J. and H. Realty Trust." Writ in the District Court of Springfield dated September 11, 1934.

The action was heard in the District Court by *Spooner*, J. Among other facts, it appeared that the beneficial interest in the J. and H. Realty Trust was divided into transferable shares.

*J. J. Figoni*, for the plaintiff.

*J. R. Jennings*, for the defendants.

PIERCE, J. This is an appeal by the plaintiff from a final decision of the Appellate Division reversing a finding for the plaintiff by the District Court of Springfield, and from its order that judgment be entered for the defendant.

The report discloses that this is an action of contract in which the plaintiff seeks to hold the defendant Macmillan personally liable upon a promissory note, which reads: "$500.00 June 12, 1933. One month after date I as Trus-

tee promise to pay to the order of Berard Bros. Inc. Five Hundred and no/100 Dollars  Payable at Springfield National Bank, Springfield, Mass.  Value received  J. H. Realty Trust  John S. Macmillan  Trustee  No.  Due July 12–1933  renewal of note of $500 due June 12, 1933. (indorsements) on back of note  Berard Bros., Inc.  J. E. Berard, Pres."

The defendant in his answer denies that he made said promissory note, denies the genuineness of his supposed signature thereto and states that if he made said note the same was paid.  The defendant further answering says: "if it shall be made to appear that he did sign the note aforesaid and that the same has not been paid, he signed the same as therein set forth solely in the capacity of trustee for and in behalf of J. and H. Realty Trust; the said J. and H. Realty Trust is an unincorporated association operating under a Declaration of Trust, the original of which is recorded in Hampden County Registry of Deeds according to law in Book 1519, Page 78; that said declaration specifically provides 'all persons in any way dealing with the trustee and/or trust shall look only to the funds of the trust for payment of any claim or obligation, and not to the Trustee or shareholders personally'; that the payee of said note, Berard Bros., Inc., had notice of aforesaid provision in said trust declaration, as did its assignee, the plaintiff herein."

At the trial "there was evidence tending to show that the defendant was the duly authorized and sole trustee of the J. and H. Realty Trust; that said trust was doing business under a declaration of trust, recorded in the Hampden County Registry of Deeds; that the defendant signed a series of three notes involving the same transaction, an original and two renewals; that the last renewal note is the one sued upon, the other two having been returned to the maker after each had been renewed; that the notes were payable to Berard Bros., Inc.; that the latter was at the time the original note was signed engaged in constructing a building for the J. and H. Realty Trust; that the original note was indorsed by Berard Bros., Inc., to the

plaintiff, before maturity as payment to the plaintiff for materials furnished to Berard Bros., Inc., to be used in the construction of said building; [that] the renewal notes at the time of their signing were also indorsed to the plaintiff by the payee, before maturity, [and] that the defendant intended and agreed with said Berard Bros., Inc., that he was not to be held personally on said note." The treasurer of the plaintiff testified that he had no knowledge of the trust agreement, of the exemption provision therein, nor of said agreement between the defendant and Berard Bros., Inc. There was no evidence that the plaintiff knew of the provisions of the trust agreement or of the agreement between the defendant and Berard Bros., Inc. The first two notes of the series were signed "J and H Realty Trust by John S. Macmillan, Trustee" and only in the signature of the renewal note sued upon was the word "by" left out. The body of all the notes contained the words "I, as Trustee, promise . . . ." On October 4, 1932, the plaintiff authorized the sending to the J. and H. Realty Trust of a communication requesting payment of one of the notes and addressed the same as follows: "J & H Realty Trust, Mr. John H. MacMillan, Trustee, 84 Worthington St., Springfield, Mass. Gentlemen: — We beg to advise that your note dated July 8th for $600.00 made payable to Berard Bros. has been endorsed over to us and becomes due and payable on October 8th, with interest of $9.20, making a total of $609.20. Kindly make arrangements to meet same, and greatly oblige. Yours very truly, TEBALDI SUPPLY COMPANY INC. A. E. Suzor Bookkeeper."

The defendant made twelve requests for rulings. Of these "8" was granted "in so far as one can act 'in behalf of a trust.'" Request 8 reads: "I find the defendant Macmillan was duly authorized by the declaration of trust to execute the notes in question on behalf of the trust." Request 10 was granted "in so far as a signature 'as trustee' can be held to be 'in a representative capacity.'" Request 10 reads: "Where one signs a negotiable instrument indicating that he does so as trustee, i.e. in a representative capacity, and indicates thereon the name of the trust, his principal, he is

not liable personally if he was duly authorized to act." Request 11, which was denied without qualification, reads: "The signature 'J and H Realty Trust John S. Macmillan, Trustee' was the signature of the trust and does not bind the defendant Macmillan individually." The defendant does not argue in his brief the remaining requests which were denied, and they are deemed to be waived. The report shows no requests of the plaintiff which were given or denied.

The judge found for the plaintiff and filed the following findings and rulings: The "Note in suit was one of a series of three notes given to the payee therein named and discounted by him with the plaintiff in payment for materials covering the same transaction. The other two notes were signed 'J and H Realty Trust by John S. Macmillan, Trustee'. None of them contained any reference to a written or recorded trust agreement and in the body of each of the notes there was no trustee named, but merely the words 'I, as Trustee, promise to pay,' etc., as in the note in suit. The J and H Realty Trust was formed by a declaration of trust dated April 30, 1932, and recorded in Hampden County Registry of Deeds on May 11, 1932. The sole trustee was the defendant, Macmillan. The original trust agreement is herewith made a part of this finding and is filed herewith. The plaintiff had no knowledge that there was a trust or agreement of trust unless it obtained same from seeing the notes. It did not know that the trust agreement was recorded or what its terms or any of them were. There was an arrangement between the payee and the defendant that the payee would not hold the defendant personally liable on the notes, but evidence was introduced that the plaintiff knew nothing of this arrangement. It would seem that the defendant is personally liable on the note in suit. See *Neville* v. *Gifford*, 242 Mass. 124; *Carr* v. *Leahy*, 217 Mass. 438; *Hussey* v. *Arnold*, 185 Mass. 202; *Carey* v. *Pingree*, 252 Mass. 352; *Baker* v. *James*, 280 Mass. 43. It would also seem that the defendant is not relieved under G. L. c. 104 [107?], § 42, as I do not feel that the words 'as trustee' in the body of the note or the signature 'John S. Macmillan,

Trustee', are really words indicating that defendant signed it on behalf of the principal or in a representative capacity. It is to be noted, although perhaps not material, that there is no use of the word 'By' in the signature, 'John S. Macmillan, Trustee'. It is also to be noted that there is no reference to any trust agreement or declaration of trust, recorded or otherwise, in any of the three notes referred to, including the one in suit." The judge found for the plaintiff in the sum of $549.17. The report contains all the evidence material to the questions reported. The defendant claiming to be aggrieved by the refusals to rule as requested and by "the finding for the plaintiff against the weight of the law and the evidence," the judge reported the case to the Appellate Division for determination.

The correctness of the ruling of the trial judge is to be determined by the construction of G. L. (Ter. Ed.) c. 107, § 42, as applied to the facts found. This statute reads as follows: "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." Until the passage of the negotiable instrument act, R. L. c. 73, § 37 (now G. L. [Ter. Ed.] c. 107, § 42), the note might have been held to be the note of the trustee individually and not of the trust. *Jump* v. *Sparling*, 218 Mass. 324. Compare *Grafton National Bank* v. *Wing*, 172 Mass. 513; *Bowen* v. *Farley*, 256 Mass. 19; *Magallen* v. *Gomes*, 281 Mass. 383; *Larson* v. *Sylvester*, 282 Mass. 352, 359. Outside the law governing negotiable instruments a trustee making a contract in behalf of the trust which he represents can exempt himself from personal liability only by stipulation or agreement with the other parties to the contract. The fact that the trustee was known not to be acting individually would be immaterial. Under a contract outside the negotiable instrument law a signature "trustee," "by . . . trustee" or "as trustee" does not constitute such an agreement.

*Larson* v. *Sylvester*, 282 Mass. 352, 359.   The provision of G. L. (Ter. Ed.), c. 182, § 6, which reads in part: "An association or trust may be sued in an action at law for debts and other obligations or liabilities contracted or incurred by the trustees" does not change the relation of the trustee to the trust estate, nor, in the absence of stipulation or express agreement, relieve the trustee from the common law obligation.   *Larson* v. *Sylvester*, 282 Mass. 352, 359.   Notwithstanding the precautionary statement in the case of *Larson* v. *Sylvester*, 282 Mass. 352, at page 359, we think provisions of the negotiable instrument law, G. L. (Ter. Ed.) c. 107, § 42, are applicable to promissory notes issued by a duly authorized trustee on behalf of a Massachusetts trust, as here.   This case cannot be distinguished on its facts from *Baker* v. *James*, 280 Mass. 43, *Bowen* v. *Farley*, 256 Mass. 19, and *Adams* v. *Swig*, 234 Mass. 584.

We are of opinion that the trial judge erred in the qualifications he made in granting the defendant's requests 8 and 10, above quoted, and in his denial of request 11.

*Order of Appellate Division affirmed.*