HENRY C. TAYLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50264. Promulgated April 3, 1936.

*Thomas O. Marlar, Esq.*, for the petitioner.
*Thomas F. Callahan, Esq.*, for the respondent.

242

OPINION.

STERNHAGEN: The facts are entirely inadequate to establish a deductible loss in 1927. They show merely a shortage in Robinson's accounts discovered in 1927 and charged off on the "expense account" of that year. The petitioner limited his deduction to $10,000 of the total shortage because he regarded this as the amount which Robinson "had gotten away with" in 1927. If this were part of petitioner's proper receipts for 1927 which Robinson had omitted to record upon the petitioner's accounts, it would have represented a failure of 1927 profit rather than a loss, and we may assume that such an accounting shortage was reflected on the return by way of reducing gross income, thus justifying no deduction to arrive at net. A failure of profit does not support a statutory deduction. *Frank F. Nicola*, 1 B. T. A. 487, 490; *Henry V. Poor*, 11 B. T. A. 781; 30 Fed. (2d) 1019; see Paul and Mertens, vol. 3, §§ 26.28, 26.30. A shortage in the accounts of an employee is not *per se* a loss or a bad debt, because there is no knowing how it arises or what facts it represents. There must be evidence that the amount is actually out of pocket or otherwise how it affects the taxpayer.

The pleadings, opening statement, and briefs discuss embezzlement. The evidence, however, speaks only of a shortage in Robinson's accounts and a charge-off in the ledger account of "the expense account at Detroit." This does not establish an embezzlement, even if it starts a suspicion of one. In short, the evidence leaves it doubtful as to what happened, and more particularly whether in 1927 petitioner sustained a loss as the statute requires. On his return he treated the amount as a bad debt, and the Commissioner disallowed it because it had not been substantiated. The evidence in this record likewise fails to support the deduction of a loss, and the Commissioner's determination is sustained.

*Judgment will be entered under Rule 50.*