Sanborn, J..
This is an action of contract on a promissory note, worded and arranged in form as follows:
LUZITANO CLUB
Note No. 6215
$600. New Bedford, Mass., Dec. 16,1933.
ON DEMAND, FOR VALUE RECEIVED, we, jointly and severally, promise to pay to the order of LUZO CORPORATION OF AMERICA Six Hundred........Dollars at the office of payee, together with a reasonable attorney’s fee for collection.
Luzitano Club Miguel F. Poltcarpo, See.
100 Acushnet Ave. John R. DeMello
121 Fair St. Manuel L. Simmons
672 County St.
*285 The answer is a general denial.
At the trial there was evidence tending to show that John B. DeMello, one of the signers of the note, was the treasurer of the Luzitano Club, that he applied on behalf of the .Club, for a loan from the plaintiff, and made all the arrangements for it; that there had been a prior loan; that the defendant’s name was not on the prior note; that the defendant was the recording secretary of the Club and was the man in full charge of all the affairs of the Club and had access to the books and other property of the Club; that the plaintiff wanted three persons on the note; that the loan was obtained, and the note taken for it was carried on the books of the plaintiff Company as the note of the Luzitano Club.
The defendant testified that he signed the note with the name of the Club and his own name as secretary in his representative capacity as secretary of the Club, that his own address did not appear on the note but the three addresses written on it were those of the Club and the other two signers.
Certain of the by-laws of the Club setting forth the duties of the secretary and of the treasurer, as well as the records of the votes relating to this loan were offered in evidence. These latter records authorized the negotiation of the loan to the Club.
The plaintiff filed requests for rulings as follows:
1. Upon all the law and the evidence the plaintiff is entitled to recover for the following reasons:
First: The defendant is a co-maker of the promissory note in question.
Second: The defendant is personally liable for the whole amount remaining unpaid on said promissory note.
Third: The word “See.” added to the defendant’s name is merely descriptive and does not exempt him from personal liability.
*286 2. Where a party executes a negotiable instrument by signing Ms name and adding to his signature words that he holds a representative position does not exempt him from personal liability except where he fully discloses the name of the principal and that he has been properly authorized to issue the instrument so executed, and that the payee of said instrument well knew that he was not to be personally liable.
These requests were denied because based on facts which were contrary to the facts found.
The Court found the defendant was not a co-maker of the note, but that he signed as secretary in behalf of the Luzitano .Club — that the two portions of the top line, namely “Luzitano Club. Miguel F. Polycarpo, Sec.”, are to be taken as one signature, and a finding was made for the defendant.
The sole question presented here is whether the defendant is personally liable on the note upon which his signature appears as hereinbefore set forth.
Section 42 Chapter 107 of the General Laws is as follows :
“Where the instrument contains, or a person adds to his signature, "words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized ; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability.”
The body of the note in question does not contain the name of any contracting party. It reads “We jointly and severally promise to pay” and we are left to the signatures themselves to determine whose promise it purports to give.
The case at bar is indistinguishable from the case of Draper vs. Massachusetts Steam Heating Co. et al., 5 Allen 338. In that case a note was signed “Mass. Steam Heating Co. L. L. Fuller, Treasurer” and no name appeared in the body of the note. The Court said:
*287 “The name of the Company is signed to the note. This signature could not he made by the Corporation itself, and must have been written by some officer or agent. It was manifestly proper that some indication should be given by whom the signature was made, as evidence of its genuineness; and that Fuller added his own name, with the designation of his official character. It would have been better if the name of the principal had been inserted in the body of the contract as the contracting party; or if the word ‘by’ had preceded Fuller’s name in the signature. But we think the omission to do this does not change the apparent character of the instrument, and that the whole taken together shows it to be the signature of the Massachusetts Steam Heating Company and not of Fuller.”
We are of the opinion in the case at bar the trial Court correctly held the signature to be that of the Luzitano Club, written in its behalf by the defendant as its secretary. Carpenter vs. Farnsworth, 106 Mass. 561; Miller vs. Roach, 150 Mass. 140; Fuller vs. Hooper, 3 Gray 334; Adams vs. Swig, 234 Mass. 584.
It follows therefore, (G. L. Ch. 107 §42) that the defendant is not liable on the note if he was duly authorized to sign for or on behalf of the Luzitano Club. The defendant was its recording secretary. As such, he had no express authority from the by-laws to borrow money or execute notes. Such authority might be fairly found from the evidence to be in the treasurer.
On April 3, 1933, the Club voted to have two of its members negotiate a loan of $600. from the plaintiff Company. On December 8, 1933, the two members reported the loan had been made and that the secretary signed the note as club secretary. On January 7, 1934, the records of the previous meeting were read and approved.
The question whether the defendant had original authority need not be considered, as there was evidence from which it could have been found his act had been ratified by the directors of the Luzitano Club. The matter was report *288 ed to the directors. 'They knew all the material facts of the transaction. All that had been done was for the manifest benefit of the Corporation and the vote of approval might properly be taken as an adoption by the Club of the act of
its secretary in signing the note for and in behalf of the Club for the loan which had been authorized. Banca Italiana di Sconto vs. Columbia Counter Co., 252 Mass. 552; No. Anson Lumber Co. vs. Smith, 209 Mass. 333; Beacon Trust Co. vs. Souther, 183 Mass. 413; Dempsey vs. Chambers, 154 Mass. 330. This fact the Court found. The defendant was thus relieved of personal liability on the note.
No error appearing in the rulings of the Trial Court, this report must be dismissed. So Ordered.