Rollins, J.
This is an action of contract to recover for the rental of a “used Byer’s Bearcat Jr. Crawler, with trencher and shovel attachments,” and for repairs to said machine. The details of the plaintiff ’s claim are set forth in an account annexed to its declaration.
At the close of the evidence the plaintiff filed eleven requests for rulings.
The trial judge made written findings on these requests and also the following finding:
“I find that the repairs made necessary to the Byer’s Bearcat Jr. machine was due to usual wear and tear.”
The Court found for the plaintiff in the sum of $237.04. By this last finding the Court allowed all of the plaintiff’s *116 claims except items numbered 3, 9 and 11 in the account annexed.
The plaintiff, in its brief, did not argue the matters involved in items 3 and 9 and they are therefore deemed waived. Tebaldi Supply Co. v. MacMillan, 292 Mass. 384, 387. Kennedy v. Currier, 293 Mass. 435, 440.
We are, therefore, concerned only with item 11, under which the plaintiff seeks to recover the sum of $357.29 for labor and parts used in repairing “damages’’ to the machine.
The machine was originally delivered by the plaintiff to the defendant under the terms of a written lease, the pertinent provisions of which are as follows:
“5. The lessee agrees to maintain said machinery and equipment in the same condition as when delivered to it by lessor, usual wear and- tear excepted . . . and to pay for all do/mages to the equipment, except the usual and ordinary wear and tear . . . and to return said property in as good condition as when received . . . usual and ordinary wear and tear excepted.
“6. As the lessor has records of the state and condition of all its rental equipment if the lessee is notified that the equipment he has returned has been damaged while in his possession he agrees to accept the lessor’s report as final and to pay all charges for repairing or replacing that damage.”
The foregoing provisions differentiate sharply between, “damage” to the machine and its “ordinary wear and tear. ’ ’
By them the lessee is obliged to pay for any “damage” he may do, but he is under no liability if he returns the machine, deteriorated only by ordinary wear and tear.
*117 It is the defendant’s contention that the repairs for which the plaintiff seeks to recover were occasioned only by “ordinary wear and tear.” The special finding of the trial judge, above quoted, upholds this contention.
The plaintiff contends, however, that under the provisions of Paragraph 6 of the written lease, above quoted, the plaintiff may determine not only that “damage” has been done to the machine and require the defendant to pay for it, but may also determine whether any defect discovered in the machine was occasioned by “ordinary wear and tear” or by “damage” done it. We are unable to agree with this contention.
The sixth paragraph of the lease constitutes the plaintiff the sole arbitrator of his own case in the matters of ‘ ‘ damage ’ ’ and ‘ ‘ ordinary wear and tear. ’ ’ These matters go to the root of the controversy between the parties.
The provisions of paragraph 6 are illegal and unenforceable. They are not valid under General Laws Chapter 251, Sections 14-22, containing provisions whereby parties to a contract may agree in writing that any controversy thereafter arising under the contract shall be submitted to the decision of one or more arbitrators. Section 16 of this chapter expressly provides that the statute shall not apply “if a party to the contract be named as an arbitrator.”
Nor is paragraph 6 valid under the Common Law of this Commonwealth. The constitution of a party as sole arbitrator of any dispute which might arise under a contract is illegal. This is an attempt to oust the courts of jurisdiction. It is unfair.
As was said by Chief Justice Bugg in Brocklehurst & Potter Co. v. Marsch, 225 Mass. 3, 8 . . . “There is doubt about the validity of any arbitration clause which would *118 constitute one party to a dispute a member of a board of arbitration to pass upon Ms own claims. Arbitration implies the exercise of the judicial function. An arbitrator ought to be free from prejudice and able to maintain a fair attitude of mind towards the subject of controversy. It would be a travesty upon all ideas of judicial propriety or of judicial work for a man to be an arbitrator to settle the amount of Ms own liability. It is contrary to natural right and fundamental principles of the common law for one to judge his own cause.” Patton v. Babsons Statistical Organisation, 259 Mass. 424, 428. Lakube v. Cohen, 1939 Mass. Adv. Sheets, 1571. Restatement of the Law of Contracts, Section 550 and Mass. Annotations to same.
There was no prejudicial error and the Report is dismissed.