JONES, P.J. (Sullivan, 6? Wilson, JJ.)
This is an action of contract to recover a balance of $60.25 on a promissory note against “Rodney W. Long, as trustee of the 124 Walker Street Trust and not individually." The note in question, introduced in evidence, was signed “Rodney W. Long, Trustee of the 124 Walker Street Trust under a declaration of trust dated Feb. 28, 1938, recorded with Middlesex South District Deeds, Book 6188, Page 573, and not individually." The name of the payer appeared in no other manner.
As a matter of defense the defendant relied upon a Declaration of Trust duly recorded and admitted as evidence. This declaration, among other provisions, provided, that, “No trustee hereunder shall be liable, except for his own wilful default"; that the trustee in any contract made by him shall provide that, “reference should be made to this Declaration," with the further provision that any one dealing with said trustee “shall look only to the property of the trust for payment under such contract *11 ... or for payment of any debt ... or other claim that may be or become due . . . and neither said Trustee nor any shareholder shall in any case be held responsible personally therefor.”
G. L. (Ter. Ed.) c. 182*foes include within its provisions or authority such a trust as is above set out, that in this case there was established an express trust by the terms of the assignment itself, its purposes and its creation. Bouchard v. First People’s Trust, 253 Mass. 351.
And this form of trust for the benefit of creditors does not seem to come within the terms of Sec. 1 of G. L. (Ter. Ed.)’ c. 182, as this is not a trust in .which the beneficial interest is divided into “transferable certificates of participation or shares,” as is argued by plaintiff.
The note in suit here is signed by defendant in his capacity as trustee under a certain voluntary trust which is referred to by date and record. This should have charged the plaintiff with full knowledge of the terms of the trust when he took the note. Because of this, the note in question is a note which makes the defendant liable only as a trustee and not individually.
In Adams v. Swig, 234 Mass. 584, a note was signed “National Realty Co. by” the individuals named as defendants, and in this case, under the terms of the trust, no name is given to the trust, but it is a trust for the benefit of certain creditors and the only persons entitled to the trust are those people who come within the classes of creditors therein described. The note was signed simply by the trustee giving a reference to the instruments that created him a trustee. The case in question and the case of Adams V. Swig, supra, are" very nearly alike, the only difference being that the trustees signed, in the case referred to, the name of the trust by them as trustees, but their names did not appear in the body of the note. The note in question, being duly authorised comes within the provisions of G. L. (Ter. Ed.) c. 107, sec. 42 which provides that the trustee is not liable if he signs in behalf of the trust, as does the trustee in this case. It follows that the trustee is not personally liable in this case.
Tuttle v. First National Bank of Greenfield, 187 Mass. 533. The agreement of trust under seal undoubtedly created a voluntary association or agreement of trust with the defendant’s name as trustee therein. Adams v. Swig, 234 Mass. 584.
In Baker v. Adams, 280 Mass. 45, the note in suit was the promise of the trustees of the George F. Walsh Trust and they signed the note in this capacity and it was 'held that they were not liable individually.
The signing of the note itself and the reference to the trust agreement was sufficient to put the plaintiff on his guard in dealing with the defendant. O’Herron v. Gray, 168 Mass. 573; Baker v. Adams, 280 Mass. 43. In the latter case the agreement was held not contrary to public policy, and it was held that *12 the rights of the parties in such a case as the case in question is governed by the negotiable instrument act.
Further, it is provided in G. L. (Ter. Ed.) c. 107, sec. 42 that when a person signs for or on behalf of a principal in his representative capacity, he is not liable therefor. See also Tebaldi v. MacMillan et al, 292 Mass. 384; Ballentine v. Eaton, 297 Mass. 389; Gardiner v. Rogers, 267 Mass. 274.
It follows from what has been said that the court ruled as it should on defendant’s requested rulings 3 and 4 that the defendant executed the note in suit in a representative capacity and is therefore not liable thereon; and that the defendant in executing the note in suit contracted against personal liability and specifically referred to the declaration of trust empowering him to do so, and that he therefore was not liable on said note.
But the' court denied the defendant’s fifth request in the following words: “I do not find against the defendant personally but solely in his representative capacity as trustee”; this in effect denied this fifth request by ruling that he found against the defendant in his representative capacity. This was in effect a refusal of this request, which was an error prejudicial to the defendant.
Judgment is to be entered for the defendant.