CHARLES D. WHITNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18194.   Promulgated December 8, 1949.

*Frank W. Morrison, Esq.,* for the petitioner.
*Leo C. Duersten, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioner in his income tax returns claimed the amount of $2,950 as a "casualty loss," but on brief he appears to have abandoned that position, as well he may, as the losses allowable under section 23 (e) (3) are specifically limited to losses of property arising from casualty, and damages paid for injuries and wrongful death are plainly without the provisions of the statute. *B. M. Peyton*, 10 B. T. A. 1129; *Samuel E. Mulholland*, 16 B. T. A. 1331; *W. S. Dickason*, 20 B. T. A. 496.

As the matter is now presented, petitioner urges that he is entitled to the loss as one incurred in his trade or business under section 23 (e) (1), or in any event as a loss incurred in a transaction entered into for profit, although not connected with a trade or business, under section 23 (e) (2). Even though it be conceded for the purposes of this opinion that petitioner's activities in the textile industry were sufficient to constitute the carrying on of a trade or business, a matter which we need not and do not decide, it seems only too clear from our findings of fact that at the time of the accident Thibeault was not in the employ of petitioner as an individual, but was working for and being paid by the Whitney Worsted Trust, which was the successor to

and engaged in the liquidation of the assets of the Whitney Worsted Co., a corporation. The truck being driven at the time of the accident was the property of the company and/or the trust, and not the property of petitioner. Even in those cases where the activity of an individual operating largely through various corporations has been held to constitute the carrying on of a trade or business, it has never been held that an employee of such a corporation was an employee of the individual.

Petitioner raises a much more serious point in his contention that as trustee of the Whitney Worsted Trust he was personnaly liable for the torts of an employee of the trust and that the payment made by him personally in the sum of $2,750 in full settlement of the suit against Thibeault was on the representation to him by his counsel that he was so liable.

The suit which was instituted by the McQuesten estate was against Thibeault and the company. The trust was not even named as a party defendant, although it does appear that the real estate held by the trust was attached when it was learned that the assets of the company had been transferred to the trust. No proceeding of any sort was at any time formally brought against petitioner.

In spite of this posture of the suit brought to recover damages resulting from the accident, petitioner contends, as we have already stated, that under the law of Massachusetts a trustee is personally liable for the torts of an employee of a trust. The rule is concisely set forth in Restatement on Trusts, vol. I, sec. 264, wherein it is said, "The trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of trust." The fact that in Massachusetts suit may be now brought directly against a trust as an entity under Mass. G. L. (Ter. ed., 1932) ch. 182, § 6, does not change the rule which imposes personal liability on the trustee. *Tebaldi Supply Co.* v. *Macmillan,* 292 Mass. 384; 198 N. E. 651, citing *Larson* v. *Sylvester,* 282 Mass. 352, 359; 185 N. E. 44.

While the cited authorities would seem to place a liability on the trustee to answer in damages in his personal capacity for the tort of an employee of a trust, a loss to be deductible under the revenue statutes must nevertheless be one that is "not compensated for by insurance or otherwise." The law of Massachusetts seems to be clear that a trustee required to answer in damages for the negligence of a trust employee has a right to indemnify himself from trust assets for any payments so made. *Mason* v. *Pomroy,* 151 Mass. 164; 24 N. E. 202; *Hamlen* v. *Welch,* 116 Fed. (2d) 413. In Scott on Trusts, vol. 2, sec. 247, the rule is stated as follows: "A trustee who has incurred a liability in tort to a third person is entitled to indemnity out of

the trust estate if the liability was incurred in the proper administration of the trust and the trustee was not personally at fault in incurring it." There is no suggestion in the record that the petitioner was personally at fault in incurring the liability, and quite obviously on the record he was not at fault. There is also no suggestion in the record that the trust assets were insufficient to fully reimburse petitioner. In any event, the burden rested on him to establish his inability to recoup his outlay in settling the damage suit. *Burnet* v. *Houston*, 283 U. S. 223; *Boehm* v. *Commissioner*, 326 U. S. 287. Losses, to be deductible under the revenue laws, must be actual, realized losses, and in any case where there is a reasonable ground for reimbursement the taxpayer must seek his redress and may not secure a loss deduction until he establishes that no recovery may be had. "It is a startling proposition that a taxpayer may, for reasons of his own, decline to enforce a valid claim against a responsible concern and then assert that he has sustained a business loss which the Government should share." *Lee Mercantile Co.* v. *Commissioner*, 79 Fed. (2d) 391. It is true one does not have to be an incorrigible optimist, and, if there is no reasonable ground to expect reimbursement, the loss is allowable, although perchance recovery may be had in a later year. Moreover, should the claim which petitioner had against the trust be regarded as in the nature of a debt, he has likewise failed to establish that it was not collectible and became worthless in the taxable year. See section 23 (k) of the Internal Revenue Code.

The deductibility of the legal fees in the sum of $200 stands in no better position than the major item.

In our opinion respondent's denial of the claimed deductions was correct.

*Decision will be entered under Rule 50.*