OPINION'. Opper, Judge: It is impossible to conclude that petitioner furnished the sums in question to her then husband as a “loan.” The presumption is otherwise. Estate of Carr V. Van Anda, 12 T. C. 1158, affirmed per curiam (C. A. 2) 192 F. 2d 391; see Elizabeth N. C. Hetherington, 20 B. T. A. 806; Jacob Grossman, 9 B. T. A. 643. And petitioner’s unsupported, self-serving declarations are far from that “proof” so “certain, definite, reliable, and convincing” as to “leave no reasonable doubt as to the intention of the parties,” which is required in the premises. William Francis Mercil, 24 T. C. 1150, 1153. Our interpretation of the facts is that petitioner, at the time she was married to her former husband and envisaged no marital difficulties, participated in the financial contributions to a personal residence which was intended to be her home. Such an expenditure is of a purely personal character. Gevirtz v. Commissioner, (C. A. 2) 123 F. 2d 707; Schmidlapp v. Commissioner, (C. A. 2) 96 F. 2d 680; Rumsey v. Commissioner, (C. A. 2) 82 F. 2d 158, certiorari denied 299 U. S. 552; all affirming decisions of the Board of Tax Appeals; Rowena S. Barnum, 19 T. C. 401. Even, however, assuming that this was a loan, it was apparently due on demand and there is not the slightest proof of worthlessness and, in fact, the evidence indicates the contrary. Cf. West Coast Securities Co., 14 T. C. 947, 961. Certainly there is nothing to support the proposition that any such loan became worthless in the present tax year. The facts show that the husband, the presumptive debtor, was a man of some wealth and that, in fact, the very residence which was the source of the difficulty was itself worth more than the amount which would have been presently due to petitioner. If the debt was collectible in 1949 it was, for all that appears, equally collectible in 1948. And, for that matter, in 1947. Fox v. Commissioner, (C. A. 2) 190 F. 2d 101, reversing 14 T. C. 1160, is relied on by petitioner. But that case, even on the theory adopted in the appellate court, is a good illustration of why petitioner cannot succeed here. In that case, a wife, having advanced collateral to her husband, was engaged in efforts to cut her loss when he became insolvent. Here petitioner’s former husband was apparently solvent at all times and no reason appears why she should not have collected the full amount of her “advance” if that is what it really was, and if she had decided to pursue legal remedies. Charles D. Whitney, 13 T. C. 897. That she failed to do so for whatever reason falls short of transforming this marital agreement into a foundation for a deductible loss. Petitioner has constructed an intricate and possibly ingenious interconnected pattern of theories in an effort to justify the claimed deduction. These include the assumption of a loan; an exchange of this for an interest in the residence in a transaction giving rise to no tax liability; and a relinquishment of the latter interest for cash resulting in the claimed loss, the whole being based upon the hypothesis of a profit motive. Neither factually nor legally do we find support for this theory. And any case which deals with actual business transactions between husband and wife and with claims “made because of a legal obligation arising from the couple’s former business relationship, not their marital or family relationship,” is accordingly wide of the mark. Compare, e. g., Fox v. Commissioner, supra, with Putnam v. Commissioner, 352 U. S. 82, 93. This transaction was not entered into for profit, and while petitioner’s loss is unfortunate it results from the combined personal interests of the construction of her own residence and the emergence of marital difficulties, and does not give rise to a deductible business loss. Decision will be entered for the respondent.