Jerome O. and Hilda A. Crabtree v. Commissioner.
Crabtree v. Commissioner
Docket No. 71583.
United States Tax Court
T.C. Memo 1960-125; 1960 Tax Ct. Memo LEXIS 165; 19 T.C.M. (CCH) 665; T.C.M. (RIA) 60125; June 10, 1960
*165 Held, that deductions for miscellaneous alleged losses, and for commuting expenses, are denied. Jerome O. Crabtree, pro se, 234 Eighty-seventh Place, S. E., Birmingham, Ala. Homer F. Benson, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1955 and 1956 in the respective amounts of $878.63 and $462. Two issues raised by the pleadings, relating to depreciation on certain rental properties owned by the petitioners, and to a deduction for charitable contributions, were conceded by petitioners at the trial. The issues remaining for decision are: (1) Are petitioners entitled to a deduction in the year 1955 for an alleged loss of $5,972, representing the difference between the cost *166 of constructing a personal residence, and the amount at which such residence was thereafter appraised by the Federal Housing Administration? (2) Is the principal petitioner entitled to deduct as losses for the years 1955 and 1956, the amounts of $1,975 and $4,705, respectively, which represent as to each year: (a) The difference between the salary which he actually earned during such years, and the amounts which he claims he would have earned if he had retained a Federal Civil Service job from which he had been discharged; and (b) his expenses of commuting to a new job in another town? (3) Is the principal petitioner entitled to deduct for the year 1956, an alleged loss of $320, representing the amounts of rents which he claims he would have received from certain rental property, if his tenant had not terminated the lease and left the property vacant during certain months of said year? Findings of Fact Petitioners Jerome and Hilda Crabtree are husband and wife; and during the taxable years 1955 and 1956, they resided in Huntsville, Alabama. They filed a joint income tax return for each of such years with the district director of internal revenue at Birmingham, Alabama. *167 In May 1954, petitioner Jerome Crabtree (hereinafter called the "petitioner") purchased a lot in Huntsville, on which he planned to erect a residence. In the summer of the following year 1955, the house was completed sufficiently for petitioner and his family to move into the same; and they thereafter occupied such premises as their personal residence, except during a few months in 1957 and 1958, when such premises were leased to other persons. This property has never been the subject of a sale or exchange by the petitioner. In July 1955, the Federal Housing Administration, acting pursuant to the request of a mortgage broker who represented the petitioner, put an appraised valuation on petitioner's house in the amount of $26,500. In the joint return which petitioner and his wife filed for the taxable year 1955, they claimed deduction for a loss of $5,972, representing the difference between the cost of the residence ($32,472), and the amount at which the same was appraised by the F.H.A. ($26,500). The respondent, in his notice of deficiency, disallowed such claimed deduction. At the beginning of the year 1955, petitioner was employed in a Civil Service position, by the Department *168 of the Army at Redstone Arsenal in Huntsville. Following an altercation with a supervisory employee at the arsenal, petitioner was discharged from his position on September 10, 1955. He appealed his discharge to the Civil Service Commission and to the Secretary of the Army, but he was unable to obtain reinstatement. In the latter part of the year 1955, petitioner procured a job with the Reynolds Metals Company, in Sheffield, Alabama, which was about 75 miles from his home in Huntsville. Petitioner worked for the Reynolds Company until sometime in 1956, when he obtained another job in private industry in Huntsville. The combined salary which petitioner received in the year 1955 as an employee at the arsenal and thereafter as an employee of the Reynolds Company, was less than he would have earned if he had been able to keep his job at the arsenal for the full year. In the year 1956 also, the salaries which he received were less than the amount which he would have earned during such year if he had retained his employment at the arsenal. In the respective joint returns filed for the years 1955 and 1956, petitioner claimed loss deductions of $1,975 and $4,705, representing: (a) The *169 asserted differentials between the salaries which he actually earned in such years, and the amounts which he would have earned if he had remained an employee of the arsenal; and (b) the expenses which he incurred in commuting to and from his job with the Reynolds Company at Sheffield. The respondent, in his notice of deficiency, disallowed such claimed deductions. Prior to and during the taxable years involved, petitioner owned a dwelling house in Tuscaloosa, Alabama, which he leased to tenants. In 1956, he thought he would have to sell the property, and he therefore advertised it for sale. Thereupon, the tenants, because of the uncertainty of their tenure, refused to renew the lease and moved out. The property thereafter remained vacant for about 4 months in 1956, while petitioner was attempting to sell the same. In the joint return for 1956, petitioner claimed a deduction of $320 as a "loss due to [the house] standing vacant" - being the amount of rent which petitioner believes he would have received if the house had remained leased during the 4-month period of the vacancy. In his notice of deficiency, the respondent disallowed such claimed deduction. Opinion The issues *170 in the instant case relate to the deductibility of certain alleged "losses" of the petitioner, and of claimed commuting expenses in connection with one of such "losses." In our opinion, the respondent's disallowance of all these alleged losses and expenses was correct, and the amounts of the deficiencies determined by him should be approved - for the following reasons: 1. "Loss" on Construction of Personal Residence. - Petitioner has claimed an ordinary loss deduction for the difference between the cost of his personal residence, and the lesser amount at which such residence was appraised by the F.H.A. This residence has never been the subject of a sale or exchange by the petitioner. In order to qualify for an income tax deduction, a loss must be evidenced by a closed and completed transaction, fixed by an identifiable event. Section 1.165-1(b), Income Tax Regulations. In the instant case, however, petitioner at no time either sold, exchanged or otherwise disposed of this property. In effect, he is claiming a loss which he anticipated he might have suffered if he had sold the property - but which he actually did not realize. Such anticipated but unrealized *171 losses are, as above indicated, not deductible for income tax purposes, even if they otherwise qualified for deduction under the statute. 2. "Loss" of Salary, and Claim for Commuting Expenses. - Petitioner was discharged from his position at the Redstone Arsenal in Huntsville, and was compelled to take jobs for which he received less pay. One of such jobs was in a town located 75 miles from his home. Petitioner deducted on his return for each of the taxable years, an amount representing: (a) The difference between the salary which he actually received, and the greater amount he would have received if he had continued to be employed at the arsenal; and (b) an unspecified amount of expense incurred in commuting to and from his new job. As regards the alleged loss of salary, the law is well settled that the mere failure to receive expected income, whether in the form of salary or otherwise, does not give rise to a deductible loss. Frank F. Nicola, 1 B.T.A. 487; John F. Blanchard, 17 B.T.A. 1271; Henry C. Taylor, 34 B.T.A. 241; and H. I. Josey, 38 B.T.A. 497; affd. 104 F. 2d 453. See also Hort v. Commissioner, 313 U.S. 28, *172 in which the Supreme Court held that failure to receive anticipated rentals upon the cancellation of a lease, did not give rise to a deductible loss. As regards the petitioner's expenses in traveling to and from his new job at Sheffield, it is well settled that expenses incurred by a taxpayer in normal day-to-day travel between his home and the place where he is regularly employed, are to be regarded as personal in character and nondeductible for income tax purposes. Joseph M. Winn, 32 T.C. 220, 225; Chester C. Hand, 16 T.C. 1410, 1415. Moreover, the amount of any such expenses has not been established by the petitioner. 3. "Loss" of Rents. - Petitioner claimed a loss deduction for 1956, representing rent which he believed he would have received for a 4-month period if his tenant had not vacated the property. Such claim is entirely without merit. See Hort v. Commissioner, supra, and the other cases above cited relative to anticipated but unearned income. We approve respondent's determinations as to all the above issues. Decision will be entered under Rule 50.