Mark A. Bird and Phyllis K. Bird v. Commissioner.
Bird v. Commissioner
Docket No. 3169-65.
United States Tax Court
T.C. Memo 1967-69; 1967 Tax Ct. Memo LEXIS 194; 26 T.C.M. (CCH) 363; T.C.M. (RIA) 67069; April 5, 1967
*194 Held, petitioners failed to carry their burden of proving that they are entitled to deduct (1) amounts purportedly withheld by insurance company, from commissions due petitioners, as reimbursement for shortages in petitioner's accounts with insurance company, (2) certain amounts of interest claimed on returns, and (3) business rent determined by respondent to have been reimbursed by insurance company. J. B. Fisher and Leslie D. Price, for the petitioners. John J. Larkin, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Year
Deficiency
1961
$4,315.06
1962
1,974.45
1963
1,343.66
The issues remaining for decision are: (1) Whether petitioners are entitled to deductions *195 in the amounts of $8,079.92, $6,000, and $2,000 in the years 1961, 1962, and 1963, respectively, for sums allegedly withheld by an insurance company from commissions earned by petitioner on the sale of insurance policies as reimbursement for premiums which the insurance company claimed it had not received for policies written by petitioner or his subagents prior to 1961. (2) Whether the amounts of $111.50 and $356.72 claimed as deductions for interest in the years 1962 and 1963, respectively, are allowable as deductions. (3) Whether the deduction claimed for rent for the year 1963 should be reduced by the amount of $1,425. Other adjustments made in the notice of deficiency have been conceded by the parties are follows: (1) Petitioners concede that the amounts added to their income in the notice of deficiency as "commission income" for each of the years 1961 and 1962 are properly includable in their income. (2) Respondent concedes that 90 percent of the depreciation and loss on sale of an Opel wagon, disallowed in the notice of deficiency for 1961, is properly deductible by petitioners; petitioners concede that the remaining 10 percent is not deductible. (3) Petitioners *196 offered no evidence with respect to, and did not mention on brief, the amounts of $76 and $279 disallowed in the notice of deficiency as deductions for contributions for the years 1962 and 1963, respectively, and we consider that petitioners have conceded these adjustments. The concessions mentioned above will be reflected in the Rule 50 computations. Findings of Fact Petitioners were husband and wife residing in Charleston, W. Va., during the years here involved and filed joint income tax returns for each of the years 1961, 1962, and 1963 with the district director of internal revenue, Parkersburg, W. Va. Phyllis K. Bird is a party to these proceedings only because she filed a joint return for each of those years, and Mark A. Bird is referred to herein as petitioner. During the years 1961-1963 and prior thereto petitioner was an agent and State manager for West Virginia for the American Health and Life Insurance Corp. of Baltimore, Md., hereinafter referred to as American Health. Petitioner was entitled to a commission on policies written for American Health through petitioner's agency. Prior to December 31, 1960, petitioner's arrangement with American Health was that petitioner's *197 subagents were to submit premiums on policies written for American Health to petitioner for forwarding to the company along with premiums on policies written by petitioner; under that arrangement petitioner was allowed to deduct his commission and remit the balance to the company. After December 31, 1960, the entire amount of each premium was to be submitted directly to American Health, by both petitioner and his subagents, and American Health was to send petitioner a check for the commissions to which he was entitled. The change in the system for remitting premiums was the result of a dispute which arose between American Health and petitioner sometime prior to 1961. [1] American Health claimed that it had not received certain premiums on policies written through petitioner's agency and demanded reimbursement in the amount of approximately $16,000. Although petitioner objected strongly to American Health's claim, he finally acquiesced in the company's proposal to recoup the shortage by making monthly deductions from the amount of commissions due petitioner. According to petitioner, pursuant to this agreement, American Health made deductions from the commissions to which petitioner *198 was entitled in the amounts of $8,079.92 in 1961, $6,000 in 1962, and $2,000 in 1963. Petitioner claimed a deduction for the amounts purportedly withheld by American Health on his income tax returns for each of the years in question in the following manner as reflected on the return for 1961. COMMISSIONS PAID TO MARK A. BIRD
DURING THE YEAR 1961
American Health Insurance Com-
pany, Baltimore, Md.
Reported on Form 1099 by Ameri-
can Health
$24,791.22
Less deductions made by Company
and termed by it "Mysterious Dis-
appearance"
8,079.92
Amount paid by check and duly
received during the year
$16,711.30 The comparable figures reported on the 1962 return were $23,869.21, $6,000, and $17,869.21, respectively; and on the 1963 return were $30,268.39, $2,000, and $28,268.39, respectively. In his notice of deficiency respondent disallowed the amounts claimed as deductions identified as "Mysterious Disappearance" for each of the years. On his tax return for 1962, petitioner claimed a deduction for interest in the amount of $1,005.20, of which $111.50 was described *199 as paid on installment accounts. For 1963, petitioner claimed an interest deduction of $1,199.14, of which $356.72 was described as interest on installment accounts. Respondent disallowed the deductions for interest on installment accounts for both years because of petitioner's failure to substantiate the deductions. Petitioner claimed a deduction for rent for 1963 in the amount of $2,100. Respondent disallowed the deduction to the extent of $1,425 on the ground that petitioner received reimbursement in that amount from American Health. The $2,100 was paid by petitioner as the result of an adverse judgment in a suit involving rental property. Petitioner conceded that some of the money to pay the judgment was obtained from American Health but testified that the representatives of the company "stated that they would include it in my income tax return at the close of the year." Opinion Issue 1. Deductions For "Mysterious Disappearance" In his notice of deficiency respondent disallowed the deductions claimed by petitioners on their returns for each of the years here involved for amounts withheld by American Health "termed by it 'Mysterious disappearance'" because petitioners *200 "failed to substantiate that it represents an allowable deduction and/or that it was reported as income in prior years." The burden of proof was on petitioners to show that respondent's determination was erroneous. Rule 32, Tax Court Rules of Practice; Welch v. Helvering, 290 U.S. 111. The only evidence offered by petitioner was his own testimony, unsupported by any records, and his income tax returns for each of the years involved. Petitioner testified that prior to 1961 his arrangement with American Health was that all premiums collected on policies sold by either petitioner or his subagents would be sent to his office and he would forward these premiums, less the commission to which he was entitled, to the company; that sometime prior to 1961 American Health claimed that there was a shortage of about $16,000 in the premiums remitted to it on policies sold through petitioner's office; that while he vigorously disputed this claim, he finally agreed with American Health that it could recover the $16,000 by deducting it from commissions due him from the company; and that starting in 1961 his arrangement with American Health was changed so that all premiums on policies *201 thereafter sold through petitioner's office would be forwarded direct to the company and the company would then compute and remit petitioner's commissions to him. Petitioner testified further that American Health did deduct the amounts claimed on his returns from commissions earned by him and that according to his records the amounts deducted were correct. Petitioner offered no evidence of the total amounts actually received by him from American Health during the years involved and it is impossible to determine from this record, even if we accept petitioner's testimony at face value, whether the amounts claimed by petitioner to have been deducted or withheld by American Health were deducted first in arriving at the amounts reported by American Health on Forms 1099 as having been paid by it to petitioner, or were deducted from the amounts so reported in remitting to petitioner. If only the net amounts were reflected in petitioner's gross income, a further deduction would not be proper. Henry C. Taylor, 34 B.T.A. 241. Neither did petitioner offer any evidence as to how or when these shortages arose. If they represented amounts petitioner received and should have forwarded *202 to American Health but did not, the amounts purportedly withheld by American Health in the years here involved were simply payments on an indebtedness due American Health by petitioner and would not be deductible expenses in the years here involved. On the other hand, if the shortages resulted from premiums collected by petitioner's subagents which they failed to remit to him the evidence does not disclose the basis of petitioner's liability to American Health, or whether petitioner had received, had a right to receive, or had made any effort to obtain, reimbursement from the subagents or from any other source. In short, the evidence presented, even when viewed in the light most favorable to petitioner, does not prove all the factors necessary to entitle petitioner to deduct the amounts claimed as a loss under section 165 or any other section of the 1954 Code. See Henry C. Taylor, supra; Charles D. Whitney, 13 T.C. 897. We hold for respondent on this issue because petitioners have failed to carry their burden of proving that respondent's determination was in error. Issue 2. Interest Deductions Petitioners claimed deductions in the amounts of $111.50 *203 for 1962 and $356.72 for 1963 as interest paid on installment accounts. Respondent disallowed the deductions because petitioners failed to substantiate that the claimed deductions constituted allowable deductions to them. The only evidence offered on this issue is petitioner's testimony that he paid all the interest claimed as deductions on his returns for 1962 and 1963 to creditors and that the interest claimed as paid on installment accounts had something to do with payments made on back rent. No documentary evidence was offered to prove that this interest had been paid, to whom it was paid, when it was paid, or the purpose for which it was paid. The evidence offered by petitioner amounted to no more than an affirmation that the amount claimed on his return was correct. This is not sufficient evidence to carry petitioners' burden of proof that respondent's determinations on this issue, which are presumed to be correct, were in error. Louis Halle, 7 T.C. 245, affd. 175 F. 2d 500, certiorari denied 338 U.S. 949; Terry C. Rosano, 46 T.C. 681: We hold for respondent on this issue. Issue 3. Rent Deduction On their return for *204 1963 petitioners claimed a deduction for rent on business property in the amount of $2,100, with no further explanation thereof. In his notice of deficiency respondent disallowed $1,425 of the rent claimed as a deduction, stating "The portion of rent expense claimed representing amounts paid to Hamilton estate is disallowed as it is determined to have been reimbursed by American Health." Again, the only evidence offered on this issue was the testimony of petitioner, which was rather confusing and was uncorroborated by any documentary or recorded evidence. Petitioner testified that he paid the $2,100 to an attorney in Charleston "To cover rent, interest and attorney's fees, and et cetera" in connection with rental property at Oak Hill, W. Va., and when asked by his attorney whether any part of the $2,100 he paid was reimbursed to him by American Health or anybody else, he answered "No." On the other hand he also testified, when asked about the payment of $2,100 in 1963: I asked the company for a loan after this judgment was given against me and the company advanced some money to pay it and stated that they would include it in my income tax return at the close of the year. Respondent *205 disallowed $1,425 of the rent deduction claimed because he determined that petitioner had been reimbursed for this amount by American Health. This determination is presumptively correct. Petitioner's testimony last quoted above would seem to agree with respondent's determination that American Health had given petitioner the funds to pay at least a part of the $2,100, and there is no evidence that petitioner paid it back or that American Health included it in petitioner's "income tax return" in some way that would lend support to petitioner's claim that the entire amount was deductible by him. True, petitioner also testified that the money had been loaned to him by American Health and that he had not been "reimbursed" for any of the amount he paid. But if the $1,425 was advanced to petitioner by American Health as a loan, rather than as a reimbursement as determined by respondent, there must have been some corroborating, and probably better, evidence available to assist the Court and to support petitioner's testimony, and we think petitioner had the burden of producing it or giving the Court some reasonable explanation of why it was not produced. Burka v. Commissioner, 179 F. 2d 483. *206 Otherwise the Court is justified in assuming that such evidence would have been unfavorable to petitioner. Frank Spingolo Warehouse Co., 37 T.C. 1. If we were to accept petitioner's unsupported testimony as sufficient evidence to carry his burden of proof with respect to an item such as this it would make the presumption of correctness attaching to respondent's determination meaningless. This we are not prepared to do; to do so would be going contrary to the standards of proof established by many decisions of this and other courts. Louis Halle, supra; Terry C. Rosano, supra; Arden-Rayshine Co., 43 B.T.A. 314; Watab Paper Co., 27 B.T.A. 488, 506; Reinecke v. Spalding, 280 U.S. 227; Harvey v. Early, 189 F. 2d 169; Hague Estate v. Commissioner, 132 F. 2d 775; Hoefle v. Commissioner, 114 F. 2d 713. We conclude that petitioner has failed to carry his burden of proving that he is entitled to deduct the $1,425 disallowed by respondent. Decision will be entered under Rule 50. Footnotes
1. Petitioner's testimony is the only evidence regarding this dispute and its resolution.↩